IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| AUSTIN D. MARTIN, | CIVIL NO. 22-00506 LEK-WRP |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITIONERS'S REQUEST TO STRIKE |
| vs. | |
| STATE OF HAWAII JURIDICARY, 3RD CIRCUIT, ET AL., | |
| Respondents. | |

FINDINGS AND RECOMMENDATION TO
GRANT PETITIONER'S REQUEST TO STRIKE

Petitioner Austin D. Martin initiated this action by filing his Petition for Removal of a State Criminal Action to Federal Jurisdiction for Inability to Enforce Rights on December 5, 2022 (Petition for Removal), ECF No. 1. Petitioner also filed a Civil Cover Sheet, ECF No. 2. Petitioner did not submit a filing fee with his Petition for Removal and did not request leave to proceed *in forma pauperis*. On the same day, the Court issued a Deficiency Order stating that Petitioner must either pay the statutory filing fee or submit an application to proceed *in forma pauperis* within 28 days or his action would be subject to automatic dismissal. See Deficiency Order, ECF No. 4. Petitioner then filed a Notice of Objection and Request to Strike (Request to Strike), in which he notes

his objection to the Deficiency Order and asks the Court to strike the Deficiency Order. See Request to Strike, ECF No. 5. In the Request to Strike, Petitioner states that he is not required to pay a filing fee or submit an application to proceed *in forma pauperis* because filing fees are not required for removal of state court criminal action under 28 U.S.C. § 1443. See id. Because Petitioner essentially seeks reconsideration of the Deficiency Order, which directed automatic dismissal as a consequence for Petitioner's failure to comply, the Court issues the following findings and recommendation.[1] See 28 U.S.C. § 636(b)(1) (requiring a magistrate judge to submit findings and recommends for involuntary dismissal).

Under 28 U.S.C. § 1914(a), "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350." 28 U.S.C. § 1914(a). Petitioner states in his Request to Strike that he initiated this action by filing a Petition for Removal stating that he was removing a state court action pursuant to 28 U.S.C. § 1443(1). See Pet. for Removal, ECF No. 1 at 1-2. Section 1443 provides for the removal of criminal prosecutions commenced in state court "[a]gainst any person who is denied or cannot enforce in the courts of

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court. A party must file any objections within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

2

such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof." 28 U.S.C. § 1443(1). Although the Ninth Circuit has not addressed the issue, the Court of Appeals for the Fifth Circuit has held that there is no filing fee to remove a state criminal case to federal court because 28 U.S.C. § 1914(a) only requires filing fees for civil actions. See Lefton v. City of Hattiesburg, Miss., 333 F.2d 280, 285 (5th Cir. 1964). Many other federal district courts have applied this same interpretation of 28 U.S.C. § 1914(a) to state court criminal removal petitions. See, e.g., Kyles v. Nebraska, 2022 WL 3597765, at *1 (D. Neb. Aug. 23, 2022) ("The Court further finds that [plaintiff] should be relieved from payment of the filing fee because it appears that [plaintiff] may be attempting to remove his state criminal case to this Court pursuant to 28 U.S.C. §§ 1443 and 1455."); Buckshaw v. McDonald's Hamburger Corp., 2020 WL 7123157, at *1 n.1 (E.D. Pa. Dec. 4, 2020) ("there is no filing fee to remove a state criminal case to federal court"); Ardaneh v. Massachusetts, 2018 WL 10373431, at *1 (D. Mass. Mar. 20, 2018), aff'd, 2018 WL 11303953 (1st Cir. Aug. 28, 2018) ("Although the case was opened as a 'civil action,' the defendant is attempting to remove his state criminal proceeding to this court. The First Circuit has not addressed the issue, but because filing fees are not required for removal of a criminal action under 28 U.S.C. § 1443, it is not necessary to grant Petitioner in forma pauperis status in this action.") (citations

3

omitted)); Ohio v. Abdul Alvar Muhammad-Bey Corp. Sole, 2018 WL 2225032, at *1 (S.D. Ohio Apr. 18, 2018), adopted by, 2018 WL 2215934 (S.D. Ohio May 15, 2018) ("The removal of a state court criminal proceeding under 28 U.S.C. § 1443 is not a 'civil' action for purposes of the Court's filing fee under 28 U.S.C. § 1914, but rather a criminal action for which filing fees are not required."); Brevard Cnty., Fla. v. Smaldore, 2015 WL 3830737, at *1 (M.D. Fla. June 19, 2015) ("the payment of a filing fee is not required for the removal of a state criminal prosecution to federal court"); Georgia v. Castaneira, 2011 WL 5514000, at n.2 (N.D. Ga. Oct. 11, 2011), adopted by, 2011 WL 5514011 (N.D. Ga. Nov. 9, 2011) ("Petitioner has not paid a filing fee. Because filing fees are not required for removal of a criminal action under [28 U.S.C.] § 1443, it is not necessary to grant Petitioner in forma pauperis status in this action.").

The Court finds that Petitioner is attempting to remove his state criminal proceeding to this court under 28 U.S.C. § 1443(1).[2] Although the Ninth Circuit has not addressed the issue of whether fees under 28 U.S.C. § 1914(a) are required for removal of state criminal proceedings, the Court finds the reasoning of the cases discussed above persuasive. The Court finds that the filing fee required for initiating "any civil action" under 28 U.S.C. § 1914(a) does not apply to the

---

[2] The Court makes no findings regarding the merits of the Petition for Removal.

removal of state criminal actions under 28 U.S.C. § 1443. Accordingly, the Court recommends that the district court hold that it is not necessary for Petitioner to pay the civil filing fee or to file an application to proceed *in forma pauperis* status in this action and recommends that the district court strike the Deficiency Order.

        IT IS SO FOUND AND RECOMMENDED.

        DATED AT HONOLULU, HAWAII, DECEMBER 12, 2022.



Wes Reber Porter
United States Magistrate Judge

**MARTIN v. STATE OF HAWAII JURIDICARY, 3RD CIRCUIT, ET AL.; CIVIL NO. 22-00506 LEK-WRP; FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S REQUEST TO STRIKE**