UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AUSTIN D. MARTIN,<br><br>            Petitioner,<br><br>    vs.<br><br>STATE OF HAWAII JUDICIARY, 3RD CIRCUIT, ET AL.,<br><br>            Respondents. | CIV. NO. 22-00506 LEK-WRP |

**ORDER: ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S REQUEST TO STRIKE; AND *SUA SPONTE* REMANDING THE INSTANT CASE TO STATE COURT**

On December 5, 2022, Austin D. Martin ("Martin") filed a document titled both "Notice of Removal" and "Petition for Removal of a State Criminal Action to Federal Jurisdiction for Inability to Enforce Rights" ("Notice of Removal"). [Dkt. no. 1.] Martin identifies himself as the Petitioner, and he brings this case against the State of Hawai`i Judiciary 3rd Circuit, County of Hawai`i Office of the Prosecuting Attorney, Kelden B.A. Watjen, and other unnamed deputy prosecuting attorneys ("Respondents"). See Notice of Removal at 1. The instant civil case was opened, and a Deficiency Order was issued because Martin neither paid the filing fee for a civil action nor filed an application to proceed *in forma pauperis*. See Deficiency Order, filed 12/5/22 (dkt. no. 4).

On December 6, 2022, Martin filed a "Notice of Objection and Motion to Strike Deficiency Order" ("Motion to Strike"). [Dkt. no. 5.] Martin argues the Deficiency Order should be stricken because the payment of a filing fee is not required for the removal of a criminal action. On December 12, 2022, the magistrate judge issued findings and a recommendation that the Motion to Strike be granted ("F&R"). [Dkt. no. 6.] No objections to the F&R have been filed.

This Court agrees with the magistrate judge that: Martin is attempting to remove a criminal case against him, pursuant to 28 U.S.C. § 1443(1); and the payment of a filing fee is not required when a defendant removes a state court criminal proceeding to federal court. See F&R at 3-4. The F&R is therefore ADOPTED as the order of this Court.

However, before permitting the case to proceed, this Court must *sua sponte* determine whether subject matter jurisdiction exits. See Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (stating that, because subject-matter jurisdiction "involves a court's power to hear a case," the federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party" (quotation marks and citations omitted)). Citing § 1443(1), Martin attempts to remove State of Hawai`i v. Austin D. Martin, Case No. 3DTC-22-007269 ("State Court

2

Prosecution"), which is pending in the State of Hawai`i Third Circuit Court, North and South Hilo Division ("state court"). See Notice of Removal at 1-2.

>Section 1443(1) states:
>
>Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>>(1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof[.]

Martin asserts the State Court Prosecution is removable because

>Respondents have engaged in an unbroken pattern of intentional acts, errors, and omissions which violated the Petitioners' rights, motivated by discrimination and prejudice against the Petitioners' racial, religious, political, marital, sexual, and/or socioeconomic status, and/or other unethical basis for bias. Petitioners aver that the compounding abuses of several state laws are enabled by Hawaii Rules of Penal Procedure, Rule 16, and allows for capricious targeting and oppression of persons under color of law, and is unconstitutional.

[Notice of Removal at 2.]  Martin argues Haw. R. Penal P. 16 imposes a greater burden upon defendants than permitted under the United States Constitution and federal law, and therefore violates his civil rights, including his Fourteenth Amendment right to due process.  [Id. at 2-4.]

3

Martin has attempted to state allegations that satisfy § 1443(1), but this district court has stated:

> The United States Supreme Court has interpreted 28 U.S.C. § 1443(1) as limited to a state court's inability or unwillingness to enforce a law "providing for specific civil rights stated in terms of **racial** equality." Georgia v. Rachel, 384 U.S. 780, 792 (1966) (emphasis added). A removing defendant must satisfy a two-part test to rely on § 1443(1).
>
> First, the defendant "must assert, as a defense to the prosecution, rights that are given to [him] by explicit statutory enactment protecting equal racial civil rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citation and quotation marks omitted).[1] Second, the defendant "must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id. (citation and quotation marks omitted).

Grossman v. Hawai`i, Civil No. 20-00519 LEK-KJM, 2021 WL 313629, at *2-3 (D. Hawai`i Jan. 13, 2021) (emphasis and some alterations in Grossman), *report and recommendation adopted*, 2021 WL 310932 (Jan. 29, 2021).

As to the first requirement in Rachel and Patel, Martin asserts the following federal laws are implicated in the State Court Prosecution: the First, Fourth, Fifth, Ninth, Tenth,

---

[1] Patel was abrogated on other grounds by BP P.L.C. v. Mayor & City Council of Baltimore, 141 S. Ct. 1532 (2021). See, e.g., Cnty. of San Mateo v. Chevron Corp., 32 F.4th 733, 745 (9th Cir. 2022), *petition for cert. docketed*, Nov. 28, 2022.

and Fourteenth Amendments to the United States Constitution; 18 U.S.C. §§ 241, 242, and 245; 42 U.S.C. § 2000a and other relevant provisions of that chapter; and 42 U.S.C. §§ 1983 and 1985.  [Notice of Removal at 2.]  However, the Ninth Circuit has stated that the Fourteenth Amendment, § 1983, and § 1985 "do not provide for specific civil rights 'stated in terms of racial equality.'"  California v. Dawodu, 122 F. App'x 884, 885 (9th Cir. 2004) (quoting Rachel, 384 U.S. at 792).  This Court also concludes that the other authorities cited in the Notice of Removal do not satisfy the first Rachel/Patel requirement.

Even if Martin had identified a federal law that provided for special rights to racial equality, he failed to identify a state law that satisfies the second Rachel/Patel requirement.  Martin asserts Haw. R. Penal P. 16 violates federal law, [Notice of Removal at 3,] but that rule is a "facially neutral state law," and Martin has not set forth any facts that would "'enable[ this Court] to make the clear prediction' that [Martin]'s protected civil right[s] will be violated by" the State Court Prosecution.  See Dawodu, 122 F. App'x at 885 (quoting Rachel, 384 U.S. at 805).  In the State Court Prosecution, Martin is charged with operating a motor vehicle without insurance, in violation of Haw. Rev. Stat. § 431:10C-104.  The conduct that § 431:10C-104 prohibits is not protected by any of the federal laws that Martin relies upon,

5

nor does any of those federal laws give Martin "an 'absolute right to violate the explicit terms' of" § 431:10C-104.  See Dawodu, 122 F. App'x at 885 (some citations and internal quotation marks omitted) (quoting City of Greenwood v. Peacock, 384 U.S. 808, 826, 86 S. Ct. 1800, 16 L. Ed. 2d 944 (1966)).

This Court therefore concludes that: it does not have subject matter jurisdiction over the State Court Prosecution; the case was improperly removed; and the case must be remanded to the state court.

## CONCLUSION

For the foregoing reasons, the magistrate judge's Findings and Recommendation to Grant Petitioner's Request to Strike, filed December 12, 2022, is HEREBY ADOPTED.  However, the instant case is REMANDED to the state court because federal subject matter jurisdiction is lacking.  The Clerk's Office is DIRECTED to close this case on **January 25, 2023,** unless Martin files a timely motion for reconsideration of this Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, January 10, 2023.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**AUSTIN MARTIN VS. STATE OF HAWAII JUDICIARY, ET AL; CV 22-00506 LEK; ORDER: ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO GRANT PETITIONER'S REQUEST TO STRIKE; AND SUA SPONTE REMANDING THE INSTANT CASE TO STATE COURT**